UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ZACHARY ALLEN DUNFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-378-TAV-HBG |
| | ) | |
| SEVIERVILLE POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil matter is before the Court on the Motion to Dismiss Defendant Sevierville Police Department [Doc. 18], in which defendant Sevierville Police Department ("Sevierville PD") moves the Court to dismiss plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not respond to Sevierville PD's motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons set forth herein, and in light of plaintiff's lack of opposition, Sevierville PD's motion will be granted. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

I. **Background**

As is pertinent to this motion, plaintiff's claims stem from the conduct of several Sevierville PD officers [Doc. 1 ¶¶ 10–25]. Plaintiff brings this action against Sevierville PD, several of its officers, and the city of Sevierville [*Id.* ¶¶ 2–6]. The claims against Sevierville PD are brought pursuant to 42 U.S.C. § 1983 and Tennessee common law [*Id.*

¶¶ 26–41]. Yet, Sevierville PD submits that plaintiff's complaint, as it pertains to Sevierville PD, fails to state a claim upon which relief can be granted because Sevierville PD is not an entity capable of being sued [Doc. 19 pp. 4–5]. Accordingly, Sevierville PD moves the Court to dismiss it as a party to this matter pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 18 p. 1].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

### III.  Analysis

Plaintiff has not opposed Sevierville PD's motion to dismiss, and in any event, the Court finds that Sevierville PD is not an entity capable of being sued in this matter because it is not a legal entity separate from the city of Sevierville. *See CP ex rel. Powell v. Alcoa Police Dep't*, No. 3:10-CV-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Jones v. Yancy*, No. 07-2263, 2010 WL 625392, at *1 (W.D. Tenn. Feb. 17, 2010) (noting that, when faced with federal constitutional and state law claims against a police department, "[t]his Court dismissed the Memphis Police Department as a Defendant . . . because [plaintiff's] claims properly lay against the City"); *Marine v. City of Chattanooga, Tenn.*, No. 1:09-CV-219, 2009 WL 4348587, at *1 n.1 (E.D. Tenn. Nov. 24, 2009) (holding that, when faced with federal constitutional and state law claims against a police department, "[t]he Chattanooga Police Department is simply a part of the City of Chattanooga and as such is not an entity capable of being sued.").

Therefore, the Court will dismiss plaintiff's claims against Sevierville PD pursuant to Federal Rule of Civil Procedure 12(b)(6), as plaintiff has failed to state a claim upon which relief can be granted against Sevierville PD.

**IV.     Conclusion**

For the reasons stated herein, the Motion to Dismiss Defendant Sevierville Police Department [Doc. 18] will be **GRANTED**, and plaintiff's claims against Sevierville PD will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE